UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**KYLE THOMPSON**                                                                                    **PLAINTIFF**

**v.**                                                       **CIVIL ACTION NO. 3:24-CV-P256-CRS**

**COOKIE CREWS** *et al.*                                                                    **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

This is a *pro se* 42 U.S.C. § 1983 prisoner civil-rights action. This matter is before the Court for screening of the superseding amended complaint (DN 12) pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the Court will dismiss some claims and allow others to proceed.

**I.**

Plaintiff Kyle Thompson is incarcerated as a convicted prisoner at Luther Luckett Correctional Complex (LLCC). He brings this action against Kentucky Department of Corrections (KDOC) Commissioner Cookie Crews; KDOC Ombudsman Allyson Lambert; LLCC Warden Amy Robey; LLCC Deputy Warden Mary Oerther; and LLCC Administrative Staff "John and/or Jane Does."

Plaintiff states that he is a paraplegic confined to a wheelchair. He alleges that he has not always had access to a handicap accessible bathroom, shower, or cell at LLCC. Plaintiff specifically alleges that this lack of access to a handicap accessible bathroom caused him to suffer "numerous bathroom accidents due to his lack of lower body control." He states that for two months he was placed in a cell that did not have a handicap accessible bathroom; that he was forced to yell through his steel cell door when he needed to use the bathroom; and that he was often forced to wait up to thirty-five minutes before an officer came to take him to the bathroom, resulting in

him having "accidents" and then trying to clean himself. Plaintiff additionally states that for approximately five months he did not have access to a handicap accessible shower and that this caused him to be unable to clean himself properly and to develop rashes and lesions. Plaintiff also alleges that he has suffered financially due to the "lack of suitable jobs for a handicapped person at LLCC." Plaintiff further asserts that the "terrain" at LLCC is not handicap accessible and that it has caused him to suffer neck and shoulder injuries which now require him to have someone push his wheelchair. He alleges that LLCC only provides someone to push his wheelchair to the places he "needs" to go – which does not include recreation.

Plaintiff states that he attempted to resolve these issues through the inmate grievance system but that Defendants Crews and Lambert "took an indefinite amount of time to resolve only some of the issues." He also states that he gave notice to Defendants Crews, Lambert, Robey, Oerther, "and any other Defendants unknown to the Plaintiff till discovery," though grievances, mail, and face-to-face interactions of his cruel conditions of confinement and discrimination but that "no action was taken in a timely manner to remedy these issues."

Plaintiff states that these allegations show that Defendants violated his rights under both the Eighth Amendment ("conditions of confinement") and Fourteenth Amendment ("discrimination"). The Court also construes the complaint as bringing claims under Title II of the Americans with Disabilities Act (ADA) and § 504 of the Rehabilitation Act (RA). As relief, Plaintiff seeks damages and requests that the Court "clarify the facts/omissions violated the constitution." The Court also broadly construes the complaint as seeking injunctive relief.

## II.

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A,

2

the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1),(2); and *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The Court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**III.**

A.  **ADA & RA**

1. **Official-Capacity Claims**

"Title II of the ADA provides that 'no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.'" *S.S. v. E. Ky. Univ.*, 532 F.3d 445, 452 (6th Cir. 2008) (quoting 42 U.S.C. § 12132). Section 504 of the RA similarly provides that "[n]o otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a). Upon consideration, <u>the Court will allow claims under Title II of the ADA and § 504 of the RA to proceed against Defendants in their official capacities</u>.

2. **Individual-Capacity Claims**

The Sixth Circuit has held that neither the ADA nor the RA permits public employees to be sued in their individual capacities. *Williams v. McLemore*, 247 F. App'x 1, 8 (6th Cir. 2007) ("We have held repeatedly that the ADA does not permit public employees or supervisors to be sued in their individual capacities."); *Lee v. Mich. Parole Bd.*, 104 F. App'x 490, 493 (6th Cir. 2004) ("[N]either the ADA nor the RA impose[s] liability upon individuals."); *Tanney v. Boles*, 400 F. Supp. 2d 1027, 1044 (E.D. Mich. 2005) ("[N]either the ADA nor the RA allows suits against government officials in their individual capacity."). Consequently, any individual-capacity claims brought pursuant to Title II of the ADA or § 504 of the RA must be dismissed for failure to state a claim upon which relief may be granted.

### B.  § 1983

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001).  Two elements are required to state a claim under § 1983.  *Gomez v. Toledo*, 446 U.S. 635 (1980).  "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988).  "Absent either element, a section 1983 claim will not lie."  *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

#### 1. Official-Capacity Claims

Plaintiff's § 1983 official-capacity claims against Defendants for damages are subject to dismissal.  When state officials are sued in their official capacities for damages, they are not "persons" subject to suit within the meaning of § 1983.  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (concluding that a state, its agencies, and its officials sued in their official capacities for damages are not considered persons for the purpose of a § 1983 claim).  Moreover, state officials sued in their official capacities for damages are also absolutely immune from § 1983 liability under the Eleventh Amendment.  *See Kentucky v. Graham*, 473 U.S. 159, 169 (1985) ("This Eleventh Amendment bar remains in effect when State officials are sued for damages in their official capacity.").

Moreover, because Plaintiff has failed to state a claim under either the Eighth or Fourteenth Amendment, as set forth below, there is no underlying constitutional violation involving any Defendant upon which prospective injunctive relief under the *Ex Parte Young* exception may be

based.[1]  *See Jabr v. Ohio Dep't of Tax'n*, No. 23-3881, 2024 U.S. App. LEXIS 9840, at *3-4 (6th Cir. Apr. 23, 2024) (citing *Saha v. Ohio State Univ.*, 259 F. App'x 779, 780 (6th Cir. 2008)).

Thus, the Court will dismiss Plaintiff's § 1983 official-capacity claims for failure to state a claim upon which relief may be granted and for seeking damages from Defendants who are immune from such relief.

### 2. Individual-Capacity Claims

#### a. Defendants Crews, Lambert, Robey, and Oerther

##### i. Grievances

Plaintiff indicates that he seeks to hold Defendants Crews, Lambert, Robey, and Oerther liable in their individual capacities for failing to timely respond to his grievances/complaints about the alleged violations of his constitutional rights at LLCC.

Prisoners do not possess a constitutional right to a prison grievance procedure. *See Walker v. Mich. Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005) (per curiam) ("All circuits to consider this issue have . . . found that there is no constitutionally protected due process right to unfettered access to prison grievance procedures."); *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. Oct. 30, 2003) ("there is no inherent constitutional right to an effective grievance procedure") (citing cases).  For this reason, the denial of a grievance or the failure to act based upon information contained in a grievance fails to state a claim under § 1983. *Gibbs v. Laughhunn*, No. 16-1771, 2017 U.S. App. LEXIS 13760, at *5 (6th Cir. Feb. 2, 2017); *see also LaFlame v. Montgomery Cnty. Sheriff's Dep't*, 3 F. App'x 346, 348 (6th Cir. 2001) (holding the plaintiff's

---

[1] Under *Ex Parte Young*, 209 U.S. 123 (1908), a plaintiff may seek injunctive relief against state officials in their official capacities to end a continuing violation of federal law.  *Diaz v. Mich. Dep't of Corr.*, 703 F.3d 956, 964 (6th Cir. 2013).

allegation that jail staff ignored the grievances he filed did not state a § 1983 claim "because there is no inherent constitutional right to an effective grievance procedure").

Thus, because Plaintiff has no constitutional right to a grievance procedure, Plaintiff's claims against these Defendants based upon either their denial of his grievances or their failure to act on his grievances fail to state a claim upon which relief may be granted and must be dismissed.

### ii. Supervisory Liability

To the extent that Plaintiff seeks to bring claims against these Defendants based upon their supervisory roles at KDOC or LLCC, the claims fail to state a claim upon which relief may be granted. This is because the doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). "[P]roof of personal involvement is required for a supervisor to incur personal liability." *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Id*. at 576; *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002); *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

In the amended complaint, Plaintiff does not describe how Defendant Crews, Lambert, Robey, or Oerther, through their own individual actions, violated the Eighth Amendment or how Defendant Crews, Lambert, or Robey, through their own actions, violated the Fourteenth Amendment. Thus, these claims must be dismissed for failure to state a claim upon which relief may be granted.

### b. Defendant Oerther

Plaintiff mentions Defendant Oerther once in the amended complaint outside of his grievance-related concerns. He alleges that after he met with the ADA Coordinator and Defendant Oerther, he was provided employment as a sports official, a job he then lost because he was not qualified to do it.

Prisoners have no constitutional right to a job. *See, e.g.*, *Argue v. Hofmeyer*, 80 F. App'x 427, 429 (6th Cir. 2003) ("Prisoners have no constitutional right to rehabilitation, education or jobs."); *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987) (per curiam) ("It is well established . . . that no prisoner has a constitutional right to a particular job or to any job."). Moreover, although Plaintiff implies that Defendant Oerther's actions show that she discriminated against him with regard to prison employment in violation of the Equal Protection Clause of the Fourteenth Amendment, this claim also fails to state a claim upon which relief must be granted.

To state a Fourteenth Amendment equal-protection claim, a plaintiff "must plausibly allege 'that the government treated [him] disparately as compared to similarly situated persons and that such disparate treatment either burdens a fundamental right, targets a suspect class, or has no rational basis.'" *Courser v. Allard*, 969 F.3d 604, 617 (6th Cir. 2020) (quoting *Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 379 (6th Cir. 2011)). Neither Plaintiff's disability nor his status as a prisoner qualifies him as a member of a suspect class, however. *See S.S.*, 532 F.3d at 457 (disability); *Jackson v. Jamrog*, 411 F.3d 615, 619 (6th Cir. 2005) (prisoner). Moreover, Plaintiff does not allege that Defendant Oerther treated him differently than others similarly situated. *See Smith v. Dawdy*, No. 23-2043, 2024 U.S. App. LEXIS 23388, at *11-12 (6th Cir. Sept. 13, 2024).

Thus, because Plaintiff has failed to state any constitutional claim, including a Fourteenth Amendment equal-protection claim, against Defendant Oerther, Plaintiff's individual-capacity claim against her must be dismissed.

### c. "John and/or Jane Does"

Finally, although Plaintiff lists LLCC Administrators "John and/or Jane Does" as Defendants in the amended complaint, the amended complaint contains no allegations against either a John Doe or Jane Doe. In its Order directing Plaintiff to file an amended complaint, the Court instructed Plaintiff to specifically state how each Defendant allegedly violated his rights (DN 11). This is because it is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. Indeed, where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Twombly*, 550 U.S. at 544 (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim); *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008) (holding that claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate that each defendant did to violate the asserted constitutional right) (citing *Terrance v. Northville Reg'l Psych. Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002)); *Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (dismissing complaint where the plaintiff failed to allege how any named defendant was involved in the violation of his rights); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing the plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Rodriguez v. Jabe*, No. 90-1010, 904 F.2d 708, 1990 U.S. App. LEXIS 9928, at *3 (6th Cir. June 19, 1990) ("Plaintiff's claims against those

individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries").

Thus, because Plaintiff makes no allegations against any John or Jane Doe, the Court must dismiss them from this action for failure to state a claim upon which relief may be granted. *See, e.g.*, *Ashley v. Genovese*, No. 20-1275-JDT-cgc, 2020 U.S. Dist. LEXIS 237036, at *4 (W.D. Tenn. Dec. 17, 2020) (dismissing Doe defendants because the complaint did not contain any factual allegations against them); *Hardy v. Ingham Cnty. Jail*, No. 1:18-cv-839, 2018 U.S. Dist. LEXIS 155276, at *6-7 (W.D. Mich. Sept. 12, 2018) (same).

## IV.

**For the foregoing reasons, IT IS ORDERED that Plaintiff's official-capacity claims against Defendants Crews, Lambert, Robey, and Oerther brought pursuant to Title II of the ADA and § 504 of the RA shall proceed.** In allowing these claims to proceed, the Court passes no judgment on their merit or the ultimate outcome of this action.

**IT IS FURTHER ORDERED that all other claims set forth in the complaint are DISMISSED pursuant to § 1915A(b)(1),(2) for failure to state a claim upon which relief may be granted and seeking monetary relief from a defendant who is immune from such relief**.

Because no claims remain against the LLCC Administrative Staff "John and/or Jane Does," the **Clerk of Court** is **DIRECTED** to terminate them as parties to this action.

The Court will enter a separate Service and Scheduling Order to govern the claims it has allowed to proceed.

Date: October 21, 2024

Charles R. Simpson III, Senior Judge
United States District Court

cc: Plaintiff, *pro se*
 Defendants Crews, Lambert, Robey, and Oerther
 General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4411.011

10